### THE STATE *vs.* MARY BANDY.

### *Habeas Corpus.*

A mittimus, not specifying the time, place, nor subject of an alleged larceny, is illegal upon the face of it.

The defendant, Mary Bandy, was arrested, under a warrant, issued by Uriah H. Bevins, a Justice of the Peace, on the affidavit of George Sturtevant, administrator of the goods and chattels of Thomas Sturtevant, charging and accusing the said Mary Bandy, with having, on or about the first day of June, 1842, feloniously taken, and carrying away, the personal property of the said Thomas Sturtevant, to the value of one hundred and forty-five dollars, as appears by a copy of the original affidavit, furnished by said magistrate, to the said prisoner.

Upon her arrest, the said magistrate committed the said prisoner to the common jail of Chatham County, under a commitment, of which the following is a copy :

STATE OF GEORGIA—Chatham County.   To any lawful Constable of said County, and to the keeper of the common jail thereof :— I herewith send the body of Mary Bandy, charged with having committed the offence of Larceny—And I do hereby command you, the body of the said Mary Bandy into your custody to take, and her safely to convey to the common jail of the said County ; and you, the keeper of the said jail, the said Mary Bandy into your custody to receive, and her safely keep, until she shall have been discharged, according to Law.   Hereof fail not.

Given under my hand and seal, this 11th day of June, 1842.

U. H. BEVINS, J. P.

Upon the foregoing statement of facts, the prisoner applied to the Court for the writ of Habeas Corpus, alleging her said imprisonment to be illegal ; which was granted, returnable before me, this day, at ten o'clock.

[State *vs.* Bandy.]

Upon the return to said writ, the original commitment, of which the foregoing is a copy, is returned by the jailor, as setting forth the cause of the caption, and detention, of the prisoner. The committing magistrate has also produced to this Court, what he alleges to be the original affidavit, upon which the prisoner was arrested; but which affidavit differs, materially, from the copy furnished by him, to the defendant. Whether there has, or has not, been any alteration of the original proceeding, as had before the magistrate, I am unable to ascertain, from the papers before me. But, without placing the defendant's discharge upon that ground, I am of opinion, in the present case, that she is entitled to her discharge, upon the illegality, apparent on the face of the original warrant of commitment. It neither states the time, nor place, when, or where the said offence was committed; nor the property of any person, upon which said offence has been committed by the prisoner. These facts, I apprehend, must be stated on the face of the commitment, in order to make it a legal one; and such would seem to be the clear spirit and intention of the Act of the Legislature, passed 22d Dec. 1808.—*Prin.* 616.

I have been requested, by the prisoner's counsel, to hear testimony, for the purpose of satisfying this Court, that the accusation against this prisoner is entirely groundless. This, I apprehend, I cannot do, on the return to this writ. The Court must be, alone, governed by the face of the papers, as they are returned, and their legality, or illegality.

Being of opinion, then, that the warrant of commitment, in the present case, is, on its face, manifestly, informal and illegal—it neither stating the time when, nor the place where, the alleged larceny was committed, nor of whose goods and chattels—it is ordered, that the prisoner be discharged from her said imprisonment, under the same, upon the payment, by her, of her jail fees, and the costs of this proceeding.

SOLICITOR GENERAL, for the State.
HENRY R. JACKSON, for Defendant.